IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Petitioner, | |
| v. | Misc. No.: 2:25-mc-5 |
| SIU LIM LEE d/b/a MEGA-MUSCLES, | |
| Respondent. | |

PETITION FOR ENFORCEMENT OF
DEA SUBPOENA NO. R3-25-009039

Pursuant to 21 U.S.C. § 876(c), the United States of America petitions the Court for an order compelling compliance with Drug Enforcement Administration ("DEA") Subpoena No. R3-25-009039 issued to Siu Lim Lee d/b/a Mega-Muscles (the "Subpoena").

The Subpoena seeks documents and records relevant to an ongoing investigation by DEA into whether Respondent and/or related individuals or entities may have engaged, or are in engaging, in conduct that violates the Controlled Substances Act ("CSA"), Title 21, United States Code, Chapter 13.

The Subpoena was served on October 22, 2024. Respondent has not complied with the Subpoena and has indicated that he does not intend to comply. Accordingly, the United States requests the Court to compel Respondent's compliance.

JURISDICTION AND VENUE

1. This petition is brought pursuant to 21 U.S.C. §876(c), which authorizes the Attorney General to "invoke the aid of any court of the United States within the jurisdiction of which the investigation is carried on or of which the [subpoenaed] person is an inhabitant, or in which he carries on business or may be found, to compel compliance with the [subpoena]."

2. Venue is proper in this Court under 21 U.S.C. § 876(c) and Local Civil Rule 3, because Respondent is an inhabitant of, and carries on business within, the Norfolk Division of the Eastern District of Virginia.

## THE PARTIES

3. Petitioner is the United States of America, acting through the United States Attorney's Office for the Eastern District of Virginia and on behalf of DEA.

4. DEA is a component of the United States Department of Justice. DEA is the principal federal agency responsible for investigating potential violations of the CSA, including not only the manufacture and distribution of illegal controlled substances, but also the illegal diversion or misuse of otherwise legal prescription drugs. DEA administers the registration process that health care providers must follow in order to be authorized to handle controlled substances and investigates allegations that illegal diversion is occurring.

5. Respondent is Siu Lim Lee, an individual doing business as Mega-Muscles, who resides at 812 Coverdale Drive, Virginia Beach, Virginia 23452.

## BACKGROUND

I. <u>Legal Background</u>

6. The CSA categorizes controlled substances into five schedules, based on "their accepted medical uses, the potential for abuse, and their psychological and physical effects on the body." *Gonzales v. Raich*, 545 U.S. 1, 13 (2005) (citing 21 U.S.C. §§ 811, 812). Drugs in Schedules II-V have a currently accepted medical use and may be dispensed for such use with a prescription, subject to any applicable limitations or restrictions. *See* 21 U.S.C. § 812. Any person seeking to handle controlled substances first must obtain a DEA registration. 21 U.S.C. § 822; 21 C.F.R. § 1301.11(a). The CSA imposes criminal and civil penalties on those who distribute controlled substances except as authorized by the CSA. *See* 21 U.S.C. §§ 841–43.

7.  In the course of "any investigation relating to his functions under [the CSA] with respect to controlled substances, listed chemicals, tableting machines, or encapsulating machines," the CSA authorizes the Attorney General to issue administrative subpoenas to "compel the attendance and testimony of witnesses, and require the production of any records (including books, papers, documents, and other tangible things which constitute or contain evidence) which the Attorney General finds relevant or material to the investigation." 21 U.S.C. § 876(a).

8.  The Attorney General's authority under the CSA has been delegated to DEA. 28 C.F.R. § 0.100. The authority to issue administrative subpoenas, pursuant to 21 U.S.C. § 876, has been further delegated to various employees of the Department of Justice including, *inter alia*, "DEA Diversion Program Managers." 28 C.F.R., Pt. 0, Subpt. R, Appendix § 4(a).

9.  The DEA is conducting an investigation involving Respondent's compliance with the CSA and its regulations and, in particular, the importation and distribution of drugs or hormonal substances that are controlled as anabolic steroids pursuant to the Designer Anabolic Steroid Control Act of 2014 ("DASCA").

10. Anabolic steroids are Schedule III controlled substances. 21 U.S.C. § 812(e) & 21 C.F.R. § 1308.13(f).

11. Pursuant to DASCA, an "anabolic steroid" includes a drug or other hormonal substance that is derived from, or has a chemical structure substantially similar to, a listed anabolic steroid, if it: (1) "has been created or manufactured with the intent of producing" a substance that either "promotes muscle growth" or "otherwise causes a pharmacological effect similar to that of testosterone;" or (2) "has been, or is intended to be, marketed or otherwise

promoted in any manner suggesting that consuming it will promote muscle growth or any pharmacological effect similar to that of testosterone." 21 U.S.C. § 802(41)(C)(i).

II.  The Subpoena and Respondent's Non-Compliance

12. In connection with DEA's investigation, the Subpoena was issued on October 7, 2024, by DEA Diversion Program Manager Stephen Buzzeo. *See* Pet. Ex. 1.

13. The Subpoena seeks production of certain documents and records relating to the receipt or sale by Respondent of epiandrosterone, 7-Keto dehydroepiandrosterone, and/or 19-nor dehydroepiandrosterone, and/or products containing those substances.

14. The Subpoena seeks documents relevant and material to DEA's investigation.

15. On or about October 22, 2024, DEA Diversion Investigators personally served Respondent with the Subpoena at his residence in Virginia Beach, Virginia.

16. Respondent retained counsel who met and conferred with DEA on numerous times regarding Respondent's compliance with the Subpoena.

17. On or about December 6, 2024, Respondent's counsel informed DEA that Respondent did not intend to comply with the Subpoena.

18. As of the date of this Petition, Respondent has failed to comply with the Subpoena.

19. Respondent's failure to comply with the Subpoena impedes the DEA's ongoing investigation.

20. No previous application for the relief sought herein has been made.

PRAYER FOR RELIEF

WHEREFORE, the Petitioner respectfully asks the Court to:

A. Enter an order directing Respondent to show cause in writing, if any cause exists, why he should not comply with and obey the Subpoena;

B. Enter an order directing Respondent to fully comply with and obey the Subpoena, including ordering Respondent to produce all responsive documents or certify in writing that no responsive documents exist, and to submit the required sworn certificates of compliance within fourteen (14) days of the Show Cause hearing; and

C. Grant such other and further relief as the Court deems to be proper and just.

Dated: February 24, 2025

Respectfully submitted,

ERIK S. SIEBERT
United States Attorney

By:    ___/s/ John E. Beerbower_____
JOHN E. BEERBOWER
Assistant United States Attorney
Virginia Bar No. 83644
United States Attorney's Office
*Counsel for the United States of America*
2100 Jamieson Avenue
Alexandria, VA 22314
Tel: 703.299.3841
Fax: 703.299.3898
john.beerbower@usdoj.gov