## U.S. DEPARTMENT OF JUSTICE/DRUG ENFORCEMENT ADMINISTRATION
## SUBPOENA

In the matter of the investigation of
Case No: ■
Subpoena No. R3-25-009039

**TO:** Siu Lim Lee dba Mega-Muscles          Phone: 310-721-4658

**AT:** 7120 Shoreline Dr.
San Diego, CA   92122

By the service of this subpoena on you by Diversion Investigator Edward R Nowicki who is authorized to serve it, you are hereby commanded and required to appear before Edward R Nowicki, an officer of the Drug Enforcement Administration, to give testimony and bring with you and produce for examination the following books, records, and papers at the time and place hereinafter set forth:

Pursuant to an investigation of violations of 21 U.S.C. Section 801 et seq., please provide the following for the dates between 10/6/2021 - 10/06/2024 Pacific (PST)

Any and all records for receipt or sales by your company Mega-Muscles and or foreign and domestic subsidiaries, affiliates, owners, purchasers, and consignees, in any capacity related to epiandrosterone, 7-Keto Dehydroepiandrosterone (7-keto DHEA), and/or 19-nor dehydroepiandrosterone (19-nor DHEA) and products containing epiandrosterone, 7-Keto Dehydroepiandrosterone (7-keto DHEA), and/or 19-nor dehydroepiandrosterone (19-nor DHEA):

1. Domestic and foreign supplier list including company name, address, point of contact, telephone number, products purchased during the period 10/6/2021 to present;
2. Instructions, formulas, commercial container labels provided by you or your company Mega-Muscles to supplier-manufacturers for each order during the period 10/10/2022 to present;
3. Written explanation regarding how orders are placed with each supplier-manufacturer;
4. All receiving records kept in the normal course of business for the order, purchase, and receipt of epiandrosterone, 7-keto DHEA and/or 19-nor DHEA products from manufacturers, or any other suppliers, during the period 10/10/2022 to present;
5. Domestic transportation records for epiandrosterone, 7-keto DHEA and/or 19-nor DHEA, in all forms, including raw material, finished product, and in-process material;
6. Epiandrosterone, 7-keto DHEA, and/or 19-nor DHEA products commercial customer list, including customer name with any DBA, address, point of contact, telephone number, product name, commercial container size for products sold during the period 10/10/2022 to present (customers include any third parties that may sell epiandrosterone, 7-keto DHEA, and/or 19-nor DHEA products on your behalf, and any individual bulk customers);
7. All distribution records kept in the normal course of business for the distribution of epiandrosterone, 7-keto DHEA and/or 19-nor DHEA products to commercial customers or bulk individual customers (distributions include, but are not limited to the sale or transfer of products to another person or entity) during the period 10/10/2022 to present;

FORM DEA-79

8. For epiandrosterone, 7-keto DHEA and/or 19-nor DHEA products directly distributed or sold by your company online: a list of the website names, website addresses (URL), company name and any DBA associated with the website, and the address of the physical location from where products are distributed (sold and shipped, if different locations) to online customers.

Please do not disclose the existence of this request or investigation for an indefinite time period. Any such disclosure could impede the criminal investigation being conducted and interfere with the enforcement of the Controlled Substances Act.

Please direct questions concerning this subpoena and/or responses to Diversion Investigator Edward R Nowicki, 571-776-0934.

Please complete and execute a Certification of Records and return the fully executed Certification of Records with your response.

Place and time for appearance: At 450 Golden Gate Avenue 36035 36035 SAN FRANCISCO, CA 94102 US on the 30th day of October 2024 at 12:00 PM. In lieu of personal appearance, please email records to edward.r.nowicki@dea.gov.

Failure to comply with this subpoena will render you liable to proceedings in the district court of the United States to enforce obedience to the requirements of this subpoena, and to punish default or disobedience.

Issued under authority of Sec. 506 of the Comprehensive Drug Abuse Prevention and Control Act of 1970, Public Law No. 91-513
(21 U.S.C. 876)

**ORIGINAL**

Signature: STEPHEN BUZZEO
Digitally signed by STEPHEN BUZZEO
Date: 2024.10.07 14:31:28 -07'00'

Stephen M Buzzeo
DPM
Issued this 7th day of October 2024

FORM DEA-79

**Public Law 513-91st Congress**

**2nd Session**

**H.R. 18583**

**AN ACT**

SEC. 506 (a) In any investigation relating to his functions under this title with respect to controlled substances, listed chemicals, tableting machines, or encapsulating machines, the Attorney General may subpoena witnesses, compel the attendance and testimony of witnesses, and require the production any records (including books, papers, documents, and other tangible things which constitute or contain evidence) which the Attorney General finds relevant or material to the investigation. The attendance of witnesses and the production of records may be required from any place in any State or in any territory or other place subject to the jurisdiction of the United States at any designated place of hearing; except that a witness shall not be required to appear at any hearing more than 500 miles distant from the place where he was served with a subpoena. Witnesses summoned under this section shall be paid the same fees and mileage that are paid witnesses in the courts of the United States

(b) A subpoena issued under this section may be served by the person designated in the subpoena to serve it. Service upon a natural person may be made by personal delivery of the subpoena to him. Service may be made upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering the subpoena to an officer, to a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. The affidavit of the person serving the subpoena entered on a true copy thereof by the person serving it shall be proof of service.

(c) In the case of contumacy by or refusal to obey a subpoena to any person, the Attorney General may invoke the aid of any court in the United States within the jurisdiction of which the investigation is carried on or of which the subpoenaed person is an inhabitant, or in which he carries on business or may be found, to compel compliance with the subpoena. The court may issue an order requiring the subpoenaed person to appear before the Attorney General to produce records, if so ordered, or to give testimony touching the matter under investigation. Any failure to obey the order of the court may be punished by the court as a contempt thereof. All process in any such case may be served in any judicial district in which such person may be found.

FORM DEA-79

CERTIFICATION OF AUTHENTICITY OF RECORDS

Under penalty of perjury, I certify the following:

1. My name: _____

2. My title: _____

3. Name of business or entity: _____

4. In my position, I am familiar with the records of the regularly conducted business activity of this business or entity.

5. All materials sought by the subpoena have been produced, and no materials sought by the subpoena have been destroyed or altered.

6. The records attached to this certification described as and/or bearing numbers _____

were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of these matters; were kept in the course of the regularly conducted activity of the business or entity named above; and were made by the regularly conducted activity as a regular practice.

Executed on_____
(Date)

Signature: _____

Street Address: _____

City, State, Zip Code: _____

Phone Number: _____

Email Address: _____

## DEFINITIONS AND INSTRUCTIONS

### Definitions

1. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make each particular request inclusive rather than exclusive.

2. "Any" shall be construed to include the word "all" and the term "all" shall be construed to include the word "any."

3. If the entity subpoenaed is not a human being, "you" and "your," in context, means all of the following:

   a. The entity on which this Subpoena was served, irrespective of the name under which it has operated and any related entity (cumulatively "Subpoenaed Entity");

   b. entity names and any variations thereof, and any and all predecessors, successors, parent organizations, subsidiaries, affiliates, independent contractors, consultants, branches, divisions, units, or offices of the Subpoenaed Entity; and

   c. Each of the Subpoenaed Entity's present and former officers, directors, employees, attorneys, representatives, and agents acting or purporting to act or appearing to act on its behalf, whether or not acting within the proper scope of his or her acting authority.

4. "Record" means every writing or record of whatever type or description, including but not limited to any electronically stored data or paper document, in your possession, custody, or control. This includes, but is not limited to:

   a. All material that is handwritten, typed, printed, recorded, transcribed, taped, filed, in graphic form, or in aural form;

   b. Drawings, designs, manuals, memoranda, emails, reports, financial reports, notes, contracts, invoices, records of payments, interview notes and summaries, journals, diaries, notations of any sort of conversations, working papers, letters, envelopes, messages, studies, analyses, books, articles, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, pamphlets, pictures, films, videos, voice recordings, maps, calendars, date books, diaries, minutes, MP3s, audiotapes, videotapes, CDs, DVDs, or other recordings;

   c. Electronically stored information stored in any medium from which information can be obtained (e.g., emails, text messages, Word documents, PDFs, voicemails, recordings, presentations, etc.), including preliminary drafts or revisions, any attachments or enclosures, as well as copies of duplicates that are not identical to the original because of additions, deletions, alterations, or notations; and

   d. Any Record relating to the destruction, alteration, or secretion of any requested Record.

5. "Related to," and "relating to," shall be given the broadest meaning possible and mean in whole or in part, directly or indirectly analyzing, commenting on, concerning, connected to,

## ATTACHMENT B

constituting, copying, describing, evidencing, referring to, reflecting, responding to, supporting, tending to prove or disprove, or being in any way factually, legally, or logically connected with a topic.

### Instructions

1. Except as otherwise provided in these instructions (including but not limited to the limitation with respect to privileges), this subpoena requires the production of all Records responsive to the subpoena, which are in the possession, custody, or control of you or any person associated therewith, regardless of whether those Records are held by your attorneys, consultants, accountants, investigators, representatives or agents, or any other person acting on your behalf. To the extent that responsive Records are not in your possession, custody, or control, these requests require you to identify those Records with specificity as well as persons that currently maintain possession, custody, or control over such Records.

2. All Records produced pursuant to this subpoena are to be organized in such a manner that all Records relating to a specific request are grouped together and identified as responsive to that request.

3. These requests are continuing in nature. If you become aware of or acquire possession, custody, or control of additional responsive Records, you shall promptly produce such additional Records for inspection and copying.

4. To the extent that Records responsive to this subpoena once were, but no longer are, in your possession, custody, or control, this subpoena requires production of all existing indices, lists, or Records in your possession, custody, or control which reflect the transfer or destruction of, or references to, such Records. If no Records exist that are responsive to a specification, a written statement to that effect shall be provided at the time of production.

5. **No Record called for by this subpoena shall be destroyed, modified, redacted, removed, or otherwise made inaccessible**. If any Records are withheld based upon a claim of privilege, work product doctrine, or any other protection from production:

    a. Identify the Record in writing;

    b. State the privilege, work product doctrine, or other protection from production relied upon for withholding the Record; and

    c. State all facts supporting the claim of privilege, work product protection, or other protection from production in sufficient detail to allow an assessment of its validity.

6. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form as well and vice versa.

7. All present tenses of verbs or verb forms shall be considered to include within their meaning the future and past tenses as well and vice versa.