IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>v.<br><br>SIU LIM LEE d/b/a MEGA-MUSCLES,<br><br>    Respondent. | Misc. No.: |

DECLARATION OF LOUIS J. MORAN

I, Louis J. Moran, under the penalty of perjury declare and state as follows:

    1.    I am currently employed as a Diversion Investigator with the United States Drug Enforcement Administration ("DEA"). I am currently stationed with DEA's Norfolk District Office, Washington Field Division.

    2.    I have been a Diversion Investigator for approximately 1.5 years. Prior to joining DEA, I served more than 26 years as a certified police officer, criminal investigator, and federal task force officer, finally retiring from police service as a Deputy Division Commander of a law enforcement agency. During my public service career, my assignments have included supervising criminal investigations and criminal intelligence operations; providing intelligence operational support to the United States Attorney's Office for the Southern District of Mississippi; task force assignments to the United States Department of Homeland Security, Homeland Security Investigations – Border Enforcement Security Task Force as a Federally Designated Cross-Trained Customs Officer; and providing criminal investigative support to DEA's Gulfport Resident Office, New Orleans Field Division, during complex narcotics operations.

3. My duties and responsibilities include investigating potential violations of the Controlled Substances Act ("CSA"). I have been assigned to the investigation involving Respondent.

4. I am submitting this Declaration in support of the United States' Petition for Enforcement of DEA Subpoena No. R3-25-009039. The statements contained in this Declaration are based on my own personal knowledge and knowledge obtained and information provided to me in the course of my official duties.

5. Attached to the United States' Petition, as Exhibit 1, is a true and correct copy of U.S. Department of Justice, Drug Enforcement Administration Subpoena No. R3-25-009039, issued on October 7, 2024 (the "Subpoena").

6. The Subpoena was issued in connection with an ongoing DEA investigation into the importation and distribution of drugs or hormonal substances that are controlled as anabolic steroids pursuant to Designer Anabolic Steroid Control Act of 2014 ("DASCA") and the CSA. This investigation is being carried on in, among other places, the Eastern District of Virginia.

7. Under DASCA and the CSA, a substance not expressly listed as an anabolic steroid is nonetheless an anabolic steroid if it is a drug or hormonal substance (other than estrogens, progestins, corticosteroids, and dehydroepiandrosterone) and any one or more of the following circumstances apply: (1) it is chemically and pharmacologically related to testosterone; (2) it is derived from, or has a chemical structure substantially similar to, one or more expressly listed anabolic steroids and was created or manufactured with the intent of producing a drug or other substance that either (i) promotes muscle growth or (ii) otherwise causes a pharmacological effect similar to that of testosterone; or (3) it is derived from, or has a chemical structure substantially similar to, one or more anabolic steroids expressly listed and has

been, or is intended to be, marketed or otherwise promoted in any manner suggesting that consuming it will promote muscle growth or any other pharmacological effect similar to that of testosterone. 21 U.S.C. § 802(41) and 21 C.F.R. § 1300.01.

8. The Subpoena seeks information regarding Respondent's "receipt or sales" of epiandrosterone, 7-Keto Dehydroepiandrosterone, and/or 19-nor dehydroepiandrosterone and products containing epiandrosterone, 7-Keto Dehydroepiandrosterone, and/or 19-nor dehydroepiandrosterone.

9. Epiandrosterone, 7-Keto Dehydroepiandrosterone, and 19-nor dehydroepiandrosterone are not expressly listed anabolic steroids. However, according to memoranda from DEA's Drug and Chemical Evaluation Section, these substances are each chemically related to testosterone, and each have a chemical structure substantially similar to an expressly listed anabolic steroid. As a result, the Drug and Chemical Evaluation Section has concluded that epiandrosterone, 7-Keto Dehydroepiandrosterone, and/or 19-nor dehydroepiandrosterone would be considered an anabolic steroid under the CSA—and, thus, be controlled substances—if they meet the other criteria in Paragraph 7, *supra*.

10. On October 22, 2024, I travelled to Respondent's residence at 812 Coverdale Drive, Virginia Beach, Virginia. After confirming Respondent's identity, I personally served Respondent with a copy of the Subpoena.

11. On or about October 25, 2024, Respondent's counsel contacted DEA investigators to request additional time to respond to the Subpoena. Respondent was granted until November 29, 2024, to respond.

12. On or about December 6, 2024, Respondent's counsel informant DEA Agency counsel that Respondent refused to comply with the Subpoena.

13. To date, Respondent has not produced any documents in response to the Subpoena.

14. DEA is not already in possession of the requested information.

15. Respondent's refusal to comply with the Subpoena is impeding DEA's ongoing investigation.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and accurate.

Executed On: February 20, 2025

_____
Louis J. Moran

LOUIS MORAN
Digitally signed by LOUIS MORAN
Date: 2025.02.20 13:31:20 -05'00'